## M. H. MOBLEY et al. *v.* T. J. BUCHANAN.

1. SERVICE OF SUBPOENA: DECREE PRO CONFESSO.—To entitle the complainant in a bill on the chancery side of the Circuit Court to a decree *pro confesso* against the defendant, at the return term of the subpœna, it must have been served for at least twenty days prior to the commencement of the term.

2. CHANCERY SIDE OF CIRCUIT COURT.—The proceedings on the chancery side of the Circuit Court must conform, in similar cases, to the proceedings established by law in the Superior Court of Chancery.

IN error from the chancery side of the Circuit Court of Chickasaw county. Hon. William L. Harris, judge.

The defendant in error filed his bill on the chancery side of the

Mobley et al. *v.* Buchanan.

Circuit Court of Chickasaw county, upon which a subpœna issued, and was served on the plaintiffs in error, who were defendants in the bill, in less than twenty days before the succeeding term of the court, at which term, upon failure of defendants to appear, a decree *pro confesso* was taken against them, and also a final decree. From this they sued out this writ of error.

W. *F. Dowd*, for plaintiffs in error,

Contended, that it was error to enter a decree *pro confesso* against the defendant, to a bill on the chancery side of the Circuit Court, unless he had been served twenty days with the subpœna previous to the term of the court. He said that the practice of the Circuit Court on the chancery side must conform to the practice of the Superior Court of Chancery in similar cases, and cited Hutch. Code, 755, § 15 ; Ib. 767, § 2.

*Featherston* and *Orr*, for defendant in error.

Argued, that the act of 28th of June, 1822, Hutch. Code, 835, refers to and furnishes the rule for the issuance and service of all process whatsoever from the Circuit Court, whether on the common law or equity side thereof. That the act of 1821, Hutch. Code, 755, and of 1828, Ib. 767, refer alone, to the process issuing out of the Superior Court of Chancery. That the act defines the equity jurisdiction of the Circuit Court. Hutch. Code, 789. By the language, that "such process and proceedings shall be had herein, as in similar cases are commonly had in the Superior Court of Chancery," only was intended to refer to the nature and character of the process to be issued, and not to the time or mode of its service. That there was in the last act no express repeal of the act of 28th of June, 1822, and none could be had by implication, unless there was such an irreconcilable difference between them, that could not be reconciled by construction. That this could well be done in this case, by construing the act of 1833 to refer to the nature and kind of process signed, and not to the mode and time of its service.

That if they are mistaken in this position, then the plaintiffs in error cannot avail themselves of the want of service of twenty

days, in error. They should have appeared and objected. By a failure to object in the court below, they are concluded from raising the point here. *Rabe* v. *Tyler*, 10 S. & M. 440 ; *Doe* v. *Natchez Ins. Co.*, 8 Ib. 205.

Mr. *Cushman*, also appeared for defendant in error.

Mr. Justice FISHER, delivered the opinion of the court.

This was a bill filed on the chancery side of the Circuit Court of Chickasaw county.

The most important error assigned is, that the subpœna was served on the defendants below to answer the bill, only five days before the return-day, and the defendants failing to appear, a decree *pro confesso* was taken, and a final decree thereupon made, according to the prayer of the bill.

The question thus presented is, whether the same rules of practice must be observed in chancery proceedings in the Circuit Court which are observed in the Superior Court of Chancery. The statute, after defining the equity jurisdiction of the Circuit Court, is as follows : " Such process and proceedings shall be had therein, as in similar cases are commonly had in the Superior Court of Chancery."

To entitle a party to take a decree *pro confesso* in the Superior Court of Chancery, the process to bring the defendant into Court must have been served twenty days before the return-day. The proceedings in the Circuit Court must conform to the proceedings in similar cases in the Chancery Court. Under this requirement of the law, we are compelled to hold that the decree *pro confesso* was unauthorized.

Decree reversed, and cause remanded.